**Alex Development LLC v. Gateway Motels Inc.**

*Wayne M. Chiurazzi,* for plaintiffs.
*Bridget M. Gillespie,* for defendants.

FRIEDMAN, *J.,* February 9, 2010—An interim opinion suggesting the appeal should not be quashed was filed on an urgent basis, in the interest of justice. The opinion here will seek to explain why we entered the order complained of on appeal.

## PROCEDURAL HISTORY

This case has a somewhat convoluted procedural history and involves appeals from orders of both the undersigned and of the Honorable Ronald W. Folino, also of this court. As a hint of what is to come, the caption above is used for convenience only and is actually incorrect. We will attempt to outline the procedural history below.

The captioned *action* was begun by the filing of a complaint by Alex Development LLC and CE-Monroeville L.P. as the original plaintiffs. On November 21, 2008, all of the defendants filed preliminary objections which included, inter alia, an objection claiming improper service of the complaint. On February 23, 2009, the Honorable W. Terrence O'Brien of this court sustained the objection regarding service of process. On April 27, 2009, plaintiffs filed defendants' acceptance of service of the complaint. Defendants again filed preliminary objections. On June 25, 2009, an amended

complaint was filed without leave of court, naming Alex Development LLC and CE-Monroeville L.P. as the plaintiffs. On June 26, 2009, Judge Folino entered an order "that the oral motion to strike is granted and the amended complaint filed on June 25, 2009 is stricken. It is further ordered, adjudged and decreed that defendants' preliminary objections are sustained in part. Counts II, III and IV are dismissed with prejudice. Count V is severed with *CE-Monroeville* to file within 20 days a complaint in a *separate action* with respect to Count V. Plaintiff Alex Development is to file within 20 days a more specific pleading with respect to Count I, specifically identifying the alleged hazardous substance and the damages alleged. The request for attorney's fees and delay damages are stricken." (emphasis added) The import of this order is that Judge Folino concluded that only Alex Development had a claim under Count I of the original complaint and that only CE-Monroeville had a claim under Count V. That is, he concluded that those two plaintiffs *did not* have similar claims against the defendants named.

On July 21, 2009, plaintiff Alex Development filed a second amended complaint in this action. On the same day, plaintiff CE-Monroeville L.P. filed a complaint which, although a separate document, was nonetheless filed at the same docket number and therefore was filed in the *same* action as the ongoing proceedings, GD 08-12904. The defendants filed preliminary objections to Alex Development's second amended complaint and to CE-Monroeville's complaint, and both plaintiffs filed preliminary objections to preliminary objections. All of

these were argued before the undersigned on September 15, 2009.

After argument, the undersigned overruled both sets of plaintiffs' preliminary objections to preliminary objections. As to defendants' preliminary objections to Alex Development's second amended complaint, we sustained in part and overruled in part. And most importantly for the purposes of the current appeal, as to defendants' preliminary objections to CE-Monroeville's complaint, we entered the following order:

"[T]he complaint of CE-Monroeville is dismissed, with prejudice, for non-compliance with the prior order of Folino, J.

"It is further ordered that counsel for plaintiff CE-Monroeville must reimburse defendants for their attorney's fees and costs incurred in filing their preliminary objections because the filing of the complaint in this action was frivolous and in blatant disregard of the June 26, 2009 order severing CE-Monroeville from this action. The counsel for defendants shall file an affidavit in support of fees warranted within 10 days, if a stipulation of that amount cannot be reached. The court will notify the parties of how it intends to reach a decision regarding the proper amount if an affidavit is filed."

On September 28, 2009, plaintiff CE-Monroeville filed a motion for reconsideration of our order dismissing their complaint. We vacated the order pending consideration of the motion. After the parties filed briefs and affidavits, on October 8, 2009 we reinstated our prior order and dismissed CE-Monroeville's complaint, again with

prejudice. We also awarded $1,500 in counsel fees as a sanction against plaintiff. Plaintiff CE-Monroeville then filed the notice of appeal at issue here.

Meanwhile, plaintiff CE-Monroeville appears to have submitted a motion for clarification to Judge Folino regarding his June 26, 2009 order which, inter alia, severed CE-Monroeville's claim and directed it to file "a complaint in a separate action." (That motion for clarification was not docketed.) On November 24, 2009, Judge Folino denied the motion for clarification. Plaintiff CE-Monroeville filed another notice of appeal from that order.[1]

In its statement of matters complained of on appeal, plaintiff CE-Monroeville raised two issues:

"(A) The court committed error of law in granting defendants' preliminary objections based upon plaintiff's filing of its complaint with the Allegheny County Department of Court Records under the original docket number for this case. The court held that the Honorable Judge Folino's order of June 26, 2009, in which Judge Folino ordered the plaintiff to file the plaintiff's complaint 'in a separate action' mandated that such complaint be filed under a separate docket number and the plaintiff's filing of the pleading under the original docket number demanded that said complaint be dismissed with prejudice.

---

1. The Superior Court has indicated, in a per curiam order dated December 29, 2009, that it will hear the appeal of Judge Folino's order (Superior Court docket number 2055 WDA 2009) and the appeal of the order of the undersigned (1787 WDA 2009) as if a single appeal. The court also indicated therein that it has not made "a final determination as to the propriety of either appeal."

However, neither Pennsylvania case law nor the Pennsylvania Rules of Civil Procedure define the term 'separate action' as requiring a separate docket number.

"(B) The court committed error of law in awarding sanctions against the plaintiff for 'frivolous and blatant disregard of the June 26, 2009 order' by filing said complaint under the original docket number. At most, the actions of the plaintiff constituted an honest misinterpretation of Judge Folino's ambiguous order of June 26, 2009, authored by defendants' counsel, and did not warrant the award of sanctions against the plaintiff."

## DISCUSSION

We enforced Judge Folino's ruling that there was a misjoinder of plaintiffs. Plaintiff CE-Monroeville did not follow his directive and did not ask to appeal Judge Folino's order at that time. We assumed that CE-Monroeville's failure to comply with his directive required us to dismiss CE-Monroeville's action with prejudice. We should not be expected to presume that any prior order entered in the case by a judge of coordinate jurisdiction was incorrect and should therefore be ignored by us. We assumed then, and continue to assume, that Judge Folino was correct. If either plaintiff thought his order was incorrect, the proper approach was to appeal. His order was final as to CE-Monroeville if that plaintiff wanted to remain joined with Alex Development in *this* action.

We believe we were correct in dismissing the complaint that clearly violated Judge Folino's order. We believed at the time that dismissal with prejudice was appropriate. On appeal, CE-Monroeville does not address

this. Instead, CE-Monroeville says that it misinterpreted the meaning of "a separate action," and also states that, "However, neither Pennsylvania case law nor the Pennsylvania Rules of Civil Procedure define the term 'separate action' as requiring a separate docket number."

The term "civil action" is explained in Pa.R.C.P. 1001:

"Rule 1001. Definition. *Scope*

"(a) As used in this chapter and in Rule 1506 and 1531 through 1535, 'action' means a civil action brought in or appealed to any court which is subject to these rules.

"(b) There shall be a 'civil action' in which shall be brought all claims for relief heretofore asserted in

"(1) the action of assumpsit,

"(2) the action of trespass, and

"(3) the action in equity.

"(c) Other forms of action which incorporate these rules by reference shall be known as 'civil action—(type of action).'"

In other words, a "civil action" or an "action" is the word used by attorneys and judges to mean "a case." It is virtually axiomatic. The "prothonotary" (now in this county, the department of court records, civil division) is *required* to give each civil action (or case) a separate docket number. When an action (or case) is severed, as was done by Judge Folino because of a misjoinder, the severed portion, here CE-Monroeville's claims, must be re-filed at a new docket number. No civil action may

have two different complaints each with a different plaintiff.

We leave any issue of the propriety of severing CE-Monroeville's claim to be addressed by Judge Folino and by the Superior Court.